**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| In re JAMES L. PERKINS, JR., ) | Case No. 10-63148-LYN |
| ) | |
| Debtor. ) | |
| ) | |

**MEMORANDUM and ORDER**

This matter comes before the court on a motion by the Chapter 7 trustee for the turnover of $2,755.33[1] ("the Funds") held in the bank account of James L. Perkins, Jr., ("the Debtor") on the date of petition.[2] The Debtor argues that the Chapter 7 trustee is not entitled to the Funds on the grounds that they were wages designated for expenditures on Schedules I and J and that

---

[1] The Debtor's bank statement actually indicates that the balance on November 3, 2010, was $2765.23. The reason for the difference between the amount in the Debtor's account and the amount in the Chapter 7 trustee's motion is not readily apparent.

[2] The motion also seeks the turnover of certain tax returns and tax refunds. The parties have resolved that matter.

1

the Debtor spent the Funds prior to the filing of this motion.

## *Jurisdiction*

This court has jurisdiction over these matters. 28 U.S.C. §§ 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). Accordingly, this court may render a final order. This memorandum shall constitute the court's findings of fact and conclusions of law as directed by Fed.R.Civ.P. 52 which is made applicable in this contested matter by Fed. R. Bankr. P. 9014(c).

## *Facts*

On October 29, 2010, the Debtor deposited his paycheck in his checking account. On November 3, 2010, the Debtor filed the above-styled Chapter 7 petition. On that same date, a balance of $2,765.23 remained in the Debtor's checking account. It is agreed that the amount on that date was the result of the deposit of the Debtor's paycheck which represented his earnings for the previous month.

On December 23, 2010, the Chapter 7 trustee filed a motion for turnover of the Funds. The Debtor filed a response arguing that a portion of the Funds were exempt. At the hearing on this matter, the Debtor asserted that the Funds were partially exempt under Va. Code § 43-29.

## *Discussion*

The Debtor timely and duly filed a homestead deed that he asserts exempted 75% of the wages under Va. Code § 34-29.[3]    Section 34-29 provides in relevant part that "the maximum

---

[3]    Va. Code § 34-29 provides:

(a) Except as provided in subsections (b) and (b1), the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed the lesser of the following amounts:
(1) Twenty-five percent of his disposable earnings for that week, or

2

part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed . . . (1) [t]wenty-five percent of his disposable earnings for that week . . ."

Section 34-29 only applies to garnishments. See Frazier v. Com., 3 Va. App. 84, 348

---

(2) The amount by which his disposable earnings for that week exceed 40 times the federal minimum hourly wage prescribed by § 206 (a) (1) of Title 29 of the United States Code in effect at the time earnings are payable.

In the case of earnings for any pay period other than a week, the State Commissioner of Labor and Industry shall by regulation prescribe a multiple of the federal minimum hourly wage equivalent in effect to that set forth in this section.

(b) The restrictions of subsection (a) do not apply in the case of:

(1) Any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by state law, which affords substantial due process, and which is subject to judicial review.

(2) Any order of any court of bankruptcy under Chapter XIII of the Bankruptcy Act.

(3) Any debt due for any state or federal tax.

(b1) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed:

(1) Sixty percent of such individual's disposable earnings for that week; or

(2) If such individual is supporting a spouse or dependent child other than the spouse or child with respect to whose support such order was issued, 50 percent of such individual's disposable earnings for that week.

The 50 percent specified in subdivision (b1) (2) shall be 55 percent and the 60 percent specified in subdivision (b1) (1) shall be 65 percent if and to the extent that such earnings are subject to garnishment to enforce an order for support for a period which is more than 12 weeks prior to the beginning of such workweek.

(c) No court of the Commonwealth and no state agency or officer may make, execute, or enforce any order or process in violation of this section.

The exemptions allowed herein shall be granted to any person so entitled without any further proceedings.

(d) For the purposes of this section:

(1) The term "earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, payments to an independent contractor, or otherwise, whether paid directly to the individual or deposited with another entity or person on behalf of and traceable to the individual, and includes periodic payments pursuant to a pension or retirement program,

(2) The term "disposable earnings" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld, and

(3) The term "garnishment" means any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt.

(e) Every assignment, sale, transfer, pledge or mortgage of the wages or salary of an individual which is exempted by this section, to the extent of the exemption provided by this section, shall be void and unenforceable by any process of law.

(f) No employer may discharge any employee by reason of the fact that his earnings have been subjected to garnishment for any one indebtedness.

(g) A depository wherein earnings have been deposited on behalf of and traceable to an individual shall not be required to determine the portion of such earnings which are subject to garnishment.

S.E.2d 405 (Va. App. 1986). In Frazier, the District court ordered the ex-husband to pay attorney fees incurred by his ex-wife in enforcing a child support order. The ex-husband argued that Section 34-29 limited the percentage of his income that the court could compel him to pay to his ex-wife. The Court rejected the argument and wrote "Code § 34-29 applies to garnishments and nothing more, and is not applicable to this cause." Frazier, 3 Va. App. at 87.

The question, then, that will resolve this dispute is whether the Funds constitute "earnings . . . which [are] subject to garnishment." It is concluded that they are not. A garnishment, in general, is "[a] judicial proceeding in which a creditor (or potential creditor) asks the court to order a third party who is indebted to or is bailee for the debtor to turn over to the creditor any of the debtor's property (such as wages or bank accounts) held by that third party." Black's Law Dictionary (9th ed. 2009). For purposes of Section 34-29 the term "garnishment" means "any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt." Va. Code § 34-29(d)((3). In order for Section 34-29 to apply in the instant case, the Funds must be subject to a legal or equitable procedure through which they, or some portion thereof, are required by law to be withheld for payment of a debt. The Funds are not subject to any such legal or equitable procedure. They are simply part of the estate in this bankruptcy case. They are not subject to garnishment.

The Debtor cites two opinions in support of his argument that he may use Section 34-29 to exempt 75% of the Funds. The first is In re Musgrove, 7 B.R. 892 (Bankr. W.D. 1981). In Musgrove, the Debtor filed his petition on April 29, 1980. The Chapter 7 trustee held a payroll check of the Debtor that was dated April 28, 1980. The Debtor asserted that he could exempt

75% of the check under Section 34-29.  The Court's discussion consisted of a single conclusory sentence: "This is the authorized exemption to which the debtor is entitled."  There is no discussion in Musgrove concerning whether a garnishment existed.  Further, it is clear that the Debtor in Musgrove did not possess, or exercise control over, the check.  This distinction and the lack of any analysis concerning garnishment are sufficient reasons for this court to decline to follow Musgrove.

The Debtor also cites In re Sheeran, 369 B.R. 910 (Bankr. E.D.Va.) in support of his argument that he may exempt 75% of the Funds under Section 34-29.  In Sheeran, the debtor was an attorney, employed by her own limited liability company, who had not generated sufficient funds to pay herself during the five months pre-petition.  This fact notwithstanding, the court found that the debtor properly exempted "$20,908.63 under Va. Code § 34-29 in what she call[ed] accrued wages in violation of express provisions contained in the very code section she cites".  Sheeran, 369 B.R. at 911.  The amount was calculated on "75% of her wages earned, but unpaid".  Sheeran, 369 B.R. at 919.  The Court only focused on whether the hypothetical earnings were profits or the result of personal services and held that the debtor could exempt the amount claimed exempt under Section 34-29.  The court then noted that the debtor had pointed out that the entire discussion was "academic as there [was] no asset with which to pay her the back wages."  Sheeran, 369 B.R. at 921, n. 9.

This court also declines to follow Sheeran.   First, the facts differ from the case at bar. In the case at bar, the third party paid the earnings to the debtor pre-petition, while in Sheeran the debtor was never paid her earnings.    Second, the court in that case did not discuss the issue of garnishment which is central to the analysis in this case.  Third, unlike this case, the property

(though evidently hypothetical), was still in the possession of, and under the control of, the debtor's limited liability company, not the debtor, on the date of petition. Just as in Musgrove, this court declines to follow Sheeran because the facts differ and because the discussion in that case did not consider the issue of garnishment.

*Conclusion*

Section 34-29 of the Virginia Code only applies to earnings that are subject to garnishment. The Funds were not earnings subject to garnishment because they were not the subject of a judicial or equitable proceeding. Because the Funds were not the subject of garnishment on the date of petition, the Chapter 7 trustee's objection to the Debtor's claim of exemption under Section 34-29 is sustained. Accordingly, the Chapter 7 trustee's motion to compel turnover of the Funds will be granted.

The Chapter 7 trustee may lodge an order with the clerk of this court that incorporates the agreement of the parties concerning the Debtor's tax returns and tax refunds and grants his motion for turnover of the Funds.

So ORDERED.

Upon entry of this Memorandum and Order the Clerk shall forward a copy to Mark T. Williams, Esq., and the Chapter 7 trustee.

Entered on this  31st  day of March, 2011.

_____
William E. Anderson
United States Bankruptcy Judge